# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVA L. SMITH,<br><br>                         Plaintiff,<br><br>  vs.<br><br><br>SLOAN D. GIBSON, acting Secretary of Veterans Affairs,<br><br>                         Defendant. | CASE NO. 14cv1018-LAB (DHB)<br><br>**ORDER AMENDING CAPTION;**<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; AND**<br><br>**ORDER OF DISMISSAL** |

      Plaintiff Marva Smith, proceeding *pro se*, filed her complaint in this case, originally captioned *Smith v. Shinseki*, naming the then U.S. secretary of Veterans Affairs, Eric Shinseki, as Defendant. Pursuant to Fed. R. Civ. P. 25(d), Sloan D. Gibson, the Acting Secretary of Veterans Affairs, is **SUBSTITUTED** in place of Eric Shinseki and the Clerk is directed to make this change in the docket.

      Smith has filed a motion to proceed *in forma pauperis* ("IFP"), which shows she is unable to pay the filing fee and at the same time provide herself with the necessities of life. Her motion to proceed IFP is therefore **GRANTED**.

      Smith has also filed a motion for appointment of counsel. Because this is a civil case, she does not have a constitutional right to appointed counsel. *See Palmer v. Valdez*, 560

F.3d 965, 970 (9th Cir. 2009). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only in exceptional circumstances. *Id*. at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and Smith's ability to articulate her claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970; *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer* at 970; *Wilborn* 789 F.2d at 1331. The fact that Smith would benefit from the appointment of counsel does not amount to extraordinary circumstances; this is true of most *pro se* litigants.

As discussed below, the complaint does not explain what Smith's claims are or why they are meritorious. The complaint shows that Smith is a coherent writer and able to explain herself adequately, even if she has not yet explained what her claim is. The motion for appointment of counsel is therefore **DENIED**.

The Court is required to required to screen the complaint of a plaintiff proceeding in forma pauperis, and to dismiss it to the extent it fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

The complaint says Smith is suing for violations of the Americans with Disabilities Act, the Rehabilitation Act, Title VII of the Civil Rights Act, the Paycheck Fairness Act, and possibly under supplemental state law theories. (Compl., ¶ 4.) It also alleges she administratively exhausted her claim by filing a claim for discrimination with the EEOC. (*Id*., ¶ 6). A copy of the right-to-sue letter from the EEOC, dated January 14, 2014, is attached to the complaint, but no other documents are attached. The EEOC document doesn't provide any factual details about Smith's claim, or even about the type of discrimination she alleged in her claim to that agency. While Smith isn't required to attach additional documents, they might have helped fill in the gaps in the complaint's allegations. The relief Smith seeks (damages for lost benefits, wages, and other privileges of employment, as well as an order reinstating her pension) confirms that her claim is for some kind of illegal termination of her employment.

The complaint is long and thorough in its recitation of facts, except that it never gets around to explaining how Smith thinks her employer discriminated against her. The factual allegations give her work history dating back several decades, although they never clearly say whether she was employed by the Department of Veterans Affairs. The only allegation that suggests she was employed by the Department is her allegation that she went to a Department medical facility seeking treatment she believed she was eligible for because she had participated in "unacknowledged programs," but was denied and sent away. Apparently what this means is that Smith believes she was a *de facto* employee of the Department, although no details are provided. She alleges she applied for employment with the Department in 1993, but was neither given an interview nor hired. (Compl., ¶ 1, 26.)

Some allegations pertain to unwelcome flirtations during the early 1990s by someone alleged to work for the Department, although Smith wasn't employed by the Department at that time. The complaint alleges that Smith had some dealings with the Veterans Administration Hospital in La Jolla, though not as an employee there. The complaint also mentions several car accidents that Smith believes were orchestrated by someone working for the Department. The complaint also alleges, in conclusory fashion, that although Smith was disabled, the Department didn't make reasonable accommodations for her as required by law. (Compl., ¶¶ 21–24.)

What is missing is a "short, plain statement" of the facts underlying Smith's claim. *See* Fed. R. Civ. P. 8(a)(2). Smith has not alleged facts showing how, when, or where she was employed by the Department, nor how the Department discriminated against her. In addition, many of the events the complaint alleges happened long ago. It appears likely that if Smith ever did have a claim, it is time-barred.

The Complaint is **DISMISSED WITHOUT PREJUDICE**. If Smith believes she can successfully amend the complaint to correct the flaws this order identifies, she may file an amended complaint no later than the close of business on **September 1, 2014**. (This means the complaint must be filed and docketed by that date, not merely sent.)  Any amended complaint must allege facts clearly showing when and where Smith worked for the

Department, and how, when, and by whom Smith was discriminated against. Factual allegations must be provided in the body of the complaint and not merely in attachments. An amended complaint that does not clearly allege these facts will be dismissed.

If no amended complaint is filed in the docket by September 1, or if an amended complaint is filed that does not comply with this order, the Court will assume Smith is unable to amend successfully and will dismiss the complaint without leave to amend.

**IT IS SO ORDERED**.

DATED: August 1, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge